**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EDUARDO HOWER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 15 C 6404** |
| | ) | |
| **COOK COUNTY SHERIFF'S OFFICE,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

> This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

> Plaintiff Eduardo Hower (Hower) allegedly began working for the Cook County Sheriff's Office (Sheriff's Office) as a correctional officer in April 1997. In 2005, Hower was allegedly promoted to the Cook County Sheriff's Police Department (Department). In February 2013, Hower allegedly complained to the Sheriff's Office's *Shakman* Compliance Officer, Defendant Robert Egan (Egan) that the officer promotional process violated the Sheriff's Employment Action Manual and Illinois statutes. Hower contends that in March 2013, he supplemented his

complaint with further information, and that in May 2013, he made a complaint with the Office of Professional Review. Hower contends that he then suffered retaliation for making such complaints such as being ordered to return his Department cell phone, being subjected to false investigations, passed over for promotions, denied special assignments, and denied awards.

In November 2013, Hower allegedly submitted a written complaint to the Sheriff's Office, contending that he was suffering retaliation and discrimination based on his race. In September 2014, Hower allegedly filed a Charge of Discrimination with the Equal Employment Opportunity Commission contending that he was being discriminated against because of his race and in retaliation for complaining about discrimination. Hower includes in his complaint claims brought under 42 U.S.C. § 1983 (Section 1983) based on alleged retaliation for exercising his First Amendment rights (Count I), Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* claims (Count II), a claim brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* alleging race discrimination (Count III), a Title VII retaliation claim (Count IV), Section 1983 Equal Protection claims (Count IV), and claims alleging violations of the *Shakman* decree (Count V). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences

that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

### I. Claims Brought Against Sheriff's Office and Cook County

Defendants argue that Hower has not alleged sufficient facts to state a valid *Monell* claim against the Sheriff's Office. For a Section 1983 *Monell* claim, a plaintiff must "establish an official policy through (1) an express policy that causes a

constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012)(internal quotes omitted)(quoting *Estate of Sims*, 506 F.3d 509, 515 (7th Cir. 2007)).  Defendants argue that Hower has not alleged that the Sheriff's Office engaged in a policy or practice that could support a *Monell* claim.  Hower argues in response to the motion to dismiss that there was a widespread practice that could support a *Monell* claim.  (Resp. 9-11).  Hower, acknowledges, however, that he did not specifically allege such a widespread practice in his complaint.  (Resp. 9). Hower contends that since he alleges various types of conduct over a certain period of time, it can be inferred that there was a widespread practice.  To make such an inference based on Hower's allegations would be nothing more than speculation. Hower must allege sufficient allegations to make it plausible that there was a widespread practice.  The mere fact that Defendants allegedly took actions such as denying Hower special assignments and that some of Defendants were in supervisory positions does not mean that such actions were part of a widespread practice.  Hower also presents in his complaint a conclusory statement that "Defendants" acted as "final policymakers for the Cook County Sheriff's Office and its respective agencies." (Compl. Par. 80).  Not only is such a statement conclusory and vague, it is inaccurate on its face.  Such a statement, if accepted as true, would mean that the Sheriff's Office is an individual who is a policy-maker for the Sheriff's Office and

that Defendant Cook County (County) is also an individual who is a policy-maker for the Sheriff's Office. Hower has thus failed to present sufficient allegations to state a valid *Monell* claim. Therefore, the motion to dismiss the Section 1983 claim brought against the Sheriff's Office is granted. In regard to the remaining claims brought against the Sheriff's Office, the Seventh Circuit has held that it is a suable entity. *See Ruffino v. Sheahan*, 218 F.3d 697, 700 (7th Cir. 2000)(stating that "[i]n Illinois, the office of the Sheriff as an institutional matter is also ordinarily a suable entity under § 1983"); *DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 977 (7th Cir. 2000)(stating that "the Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity"). The Seventh Circuit has also held that the County may properly be joined as a Defendant, not based upon its participation in any conduct, but because the County will have to pay any damages owed by the Sheriff's Office. *See Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 636 (7th Cir. 2009)(finding that the plaintiff was required to join the County when suing the Sheriff's Office).

## II.  Section 1983 Claims Brought against Individual Defendants

Defendants argue that the Section 1983 individual capacity claims brought against Defendant Thomas Dart (Dart), Egan, Defendant Dana Wright (Wright), and Defendant Rosemarie Nolan (Nolan) (collectively referred to as "Individual Defendants") should be dismissed. Defendants contend that there are no allegations that Individual Defendants participated in the alleged constitutional violations and

therefore they cannot be subject to suit under Section 1983. To hold an individual liable under Section 1983, a plaintiff must show that the person "caused or participated in an alleged constitutional deprivation." *Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012)(internal quotations omitted)(quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983))(stating that Section 1983 "liability is premised on the wrongdoer's personal responsibility"). Hower references conduct in the complaint that he believes to have been a part of the alleged wrongful discrimination and retaliation. For example, Hower alleges that he was subject to false investigations, passed over for promotions, denied special assignments, and denied awards all in retaliation for the filing of his complaints. (Compl. Par. 60-63). Hower also specifically alleges that "Dart, Egan, Nolan, Wright and White made the decision, or at the very least directed or influenced the decision, to deny [Hower] special assignments, awards, and/or promotions," and "to place [Hower] under investigation and transfer him to desk duty." (Compl. Par. 64-65). This court is not finding that Individual Defendants actually participated in any of the alleged misconduct. Hower has simply alleged sufficient facts, which must be accepted as true at this juncture, to state valid Section 1983 claims against Individual Defendants. At the summary judgment stage, Hower will need to point to sufficient evidence to support such Section 1983 claims.

Defendants also argue that Section 1983 claims brought against Individual Defendants should be dismissed based on qualified immunity. Law enforcement officers are protected by qualified immunity, "so long as their conduct does not

6

violate clearly established statutory or constitutional rights that a reasonable person would know about." *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). Hower alleges, for example, that Individual Defendants subjected him to false investigations in the Office of Professional Responsibility in retaliation for him complaining about matters such as race discrimination. The court cannot find at this juncture based on such alleged facts, which must be accepted as true at this juncture, that Individual Defendants are entitled to qualified immunity. At the summary judgment stage, Individual Defendants will have an opportunity to present evidence on the qualified immunity issue and may seek summary judgment on all claims based on qualified immunity. Therefore, the motion to dismiss the Section 1983 claims brought against Individual Defendants is denied.

### III. Illinois Whistleblower Act Claims Brought Against Individual Defendants

Defendants argue that Hower cannot pursue Illinois Whistleblower Act claims against individuals. Hower asserts in this case that Individual Defendants violated 740 ILCS 174/15, which provides that "[a]n employer may not retaliate against an employee. . . ." *Id.* While Individual Defendants are not the entity that employs Hower, the Illinois Whistleblower Act defines the term "Employer" to include "an individual, sole proprietorship, partnership, firm, corporation, association, and any other entity that has one or more employees in this State," and "any person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees." 740 ILCS 174/5; *see also Bello v. Vill. of Skokie*,

2014 WL 4344391, at *8-9 (N.D. Ill. 2014)(finding individual liability under Illinois Whistleblower Act). In this case, Hower alleges that Individual Defendants were acting within the scope of their authority when dealing with Hower as an employee. Therefore, the motion to dismiss the Illinois Whistleblower Act claims brought against Individual Defendants is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the Section 1983 claims against the Sheriff's Office is granted, and the remainder of the motion to dismiss is denied.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 16, 2016